UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

Case No. 2:15-cr-20329-4

HONORABLE STEPHEN J. MURPHY, III

v.

TORIONO HUMPHREY,

    Defendant.
_____/

**OPINION AND ORDER DENYING**
**DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE [287]**

Defendant Toriono Humphrey moved for compassionate release under the First Step Act, 18 U.S.C. § 3582(c)(1)(A)(i). ECF 287, PgID 1124. Defendant offers several reasons why he is entitled to a reduced sentence including hypertension, Graves disease, a body mass index ("BMI") in the obese range, and asthma as a child. *Id.* at 1125. The Government responded arguing Defendant's conditions were not extraordinary or compelling to warrant a reduction in his sentence. ECF 290. For the following reasons, the Court will deny the compassionate release motion.

Under the First Step Act's compassionate release provision, the Court may modify Defendant's sentence only if: (1) he has exhausted all administrative remedies, or (2) thirty days have passed since the warden received Defendant's request for the BOP to bring a motion on his behalf. 18 U.S.C. § 3582(c)(1)(A). The exhaustion condition is "mandatory." *United States v. Alam*, 960 F.3d 831, 833–34 (6th Cir. 2020) (alteration in original) (quoting § 3582(c)(1)(A)). It is Defendant's

1

burden to establish that he has exhausted all his administrative remedies. *See United States v. Pena-Lora*, No. 15-20695, 2020 WL 3886384, at *1 (E.D. Mich. July 9, 2020) (citation omitted). And, most importantly, a defendant fails to exhaust his administrative remedies when "the factual basis in the administrative request and the motion before the [C]ourt are different[.]" *United States v. Asmar*, 465 F. Supp. 3d 716, 719 (E.D. Mich. 2020).

Because Defendant has exhausted his request for compassionate release based on his health, ECF 287, PgID 1132–33, he must satisfy "three substantive requirements" for the Court to grant compassionate release. *United States v. Ruffin*, 978 F.3d 1000, 1004 (6th Cir. 2020). First, the Court must "find[] that . . . extraordinary and compelling reasons warrant such a reduction." *Id.* at 1003 (quoting § 3582(c)(1)(A)(i)). Second, the Court must "find that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id.* at 1005 (quoting § 3582(c)(1)(A) (alterations omitted)); *but see United States v. Hampton*, 985 F.3d 530, 532 (6th Cir. 2021) (explaining that district courts "may now 'skip step two'" because there is no applicable policy statement) (quoting *United States v. Jones*, 980 F.3d 1098, 1111 (6th Cir. 2020)). Third, the Court must consider the applicable § 3553(a) sentencing factors. *Ruffin*, 978 F.3d at 1005 (quoting § 3582(c)(1)(A)).

For the first requirement, Defendant must show that "extraordinary and compelling reasons" warrant a reduction in sentence. § 3582(c)(1)(A)(i). "[D]istrict courts have discretion to define 'extraordinary and compelling' on their own

2

initiative." *United States v. Elias*, 984 F.3d 516, 519–20 (6th Cir. 2021) (citing *Jones*, 980 F.3d at 1111; *Ruffin*, 978 F.3d at 1007).

"Several cases in the Eastern District of Michigan have adopted textual analyses to determine what reasons are 'extraordinary and compelling[.]'" *United States v. Powell*, No. 2:12-cr-20052-2, 2021 WL 613233, at *2 (E.D. Mich. Feb. 17, 2021) (Murphy, J.) (collecting cases). An "extraordinary and compelling reason" for compassionate release is one that is "beyond what is common, and the forcefulness of the evidence tends to convince the Court to release the inmate." *Id.* (internal quotation marks and quotations omitted). "Put another way, an extraordinary and compelling reason is one that is beyond what is usual, customary, regular, or common, and is so great that irreparable harm or injustice would result if the relief is not granted." *Id.* (cleaned up).

But Defendant's claimed "extraordinary and compelling reasons" are not persuasive for several reasons:

First, there is no evidence in the record to support Defendant's claims of hypertension. ECF 293-1, PgID 1215, 1252, 1332, 1413 (under seal). Instead, the record suggests Defendant has healthy blood pressure. *Id.* (under seal). And while the record does suggest that Defendant has Graves disease, ECF 293-1, PgID 1276 (under seal), the CDC does not specify that Graves disease or any other Thyroid issues place a person at heightened risk of severe illness from COVID-19. *See People with Certain Medical Conditions*, CDC, (Apr. 14, 2021), https://bit.ly/31WKhck

3

[https://perma.cc/6SX2-5ESJ]. A diagnosis of Graves disease alone does not constitute an extraordinary or compelling reason for compassionate release.

Next, there is nothing uncommon about the risks that Defendant faces to serious illness because of his obesity. Indeed, "[o]besity and overweight are common conditions; 42% of American adults are obese and 32% are overweight." *United States v. Mungarro*, No. 07-20076, 2020 WL 6557972, at *2 (E.D. Mich. Nov. 9, 2020) (Cleland, J.) (collecting sources). Nor is obesity a compelling reason to warrant compassionate release because "[w]ith monitoring and effective lifestyle changes, high [BMI] can be improved, if not fully treated." *Id.* (collecting sources). All told, the Court is confident that Defendant can take proactive steps to monitor and reduce his BMI. Because of that, Defendant's high BMI does not warrant compassionate release.

Fourth, Defendant's COVID-19 reinfection concerns are overblown. For one, Defendant's COVID-19 diagnosis was uneventful—he lacked symptoms. ECF 293-1, PgID 1505, 1530 (under seal). For another, the existing scientific consensus does not support Defendant's COVID-19 concerns. Research from the National Institutes of Health ("NIH") has explained that ninety-five percent of individuals who recover from COVID-19 have up to eight months immunity to the virus. *See Lasting Immunity Found After Recovery From COVID-19*, NIH, (Apr. 14, 2021), https://bit.ly/3rHl6nB, [https://perma.cc/FW78-ABEV]. Other courts in the Eastern District of Michigan have reviewed the scientific literature and found that the extremely low COVID-19 reinfection risk is not an extraordinary and compelling reason under the First Step

4

Act. *See Mungarro*, 2020 WL 6557972, at *3; *United States v. Lawrence*, No. 17-20259, 2020 WL 5944463, at *2 (E.D. Mich. Oct. 7, 2020) (Roberts, J.) (collecting cases).

Finally, the Court is not persuaded that Defendant is concerned about the actual health risks from re-contracting COVID-19. First, COVID-19 reinfection is very rare. *Mungarro*, 2020 WL 6557972, at *3 (collecting sources). With that in mind, Defendant can reduce his small chance of reinfection even more through vaccination. *See United States v. Toney*, No. 17-20184, 2021 WL 1175410, at *1 (E.D. Mich. Mar. 29, 2021) (Levy, J.) (collecting sources on the effectiveness of COVID-19 vaccines). But Defendant declined to receive the COVID-19 vaccine. ECF 293-1, PgID 1544 (under seal). Courts in the Eastern District of Michigan routinely "refuse[] to find extraordinary and compelling medical circumstances when a defendant declines the COVID-19 vaccine." *Id.*; *see, e.g.*, *United States v. Austin,* No. 15-20609, 2021 WL 1137987, at *2 (E.D. Mich. Mar. 25, 2021) (Cleland, J.). The finding is even more straightforward here because Defendant moved for compassionate release *after* he refused the COVID-19 vaccine. ECF 287, PgID 1128 (moving for compassionate release on February 18, 2021); ECF 293-1, PgID 1544 (refusal to receive the vaccine on January 27, 2021) (under seal). Altogether, even if there were good reasons to refuse a COVID-19 vaccine, Defendant never explained why he did so. In sum, the Court will deny compassionate release because no extraordinary or compelling reasons warrant Defendant's release.

5

**WHEREFORE**, it is hereby **ORDERED** that Defendant's motion for compassionate release [287] is **DENIED.**

**SO ORDERED.**

                                            s/ Stephen J. Murphy, III
                                            STEPHEN J. MURPHY, III
                                            United States District Judge

Dated: April 15, 2021

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on April 15, 2021, by electronic and/or ordinary mail.

                                            s/ David P. Parker
                                            Case Manager